NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

CA 18-78

WINONA CHAMPAGNE AND KIM HEBERT

VERSUS

WINMILL SPECIALTIES, INC., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 127788
HONORABLE LEWIS H. PITMAN, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett and Billy H. Ezell, Judges.

**APPEAL DISMISSED.**

Cooks, J., dissents. The judgment appealed dismisses the principal action originally filed by the Plaintiffs. Therefore, I find the judgment is immediately appealable without designation pursuant to La.Code Civ.P. art. 1915 (A).

**Kenneth Wayne Jones, Jr.**
**Morgan A. Druhan**
**NeunerPate**
**1001 W. Pinhook Road, Ste 200**
**Lafayette, LA 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Winmill Specialties, Inc.**
    **National Indemnity Insurance Company**

**Shytishia A. M. Flugence**
**Flugence Law Firm, LLC**
**620 S.E. Evangeline Thruway**
**Lafayette, LA 70509-0381**
**(337) 261-1099**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Winona Champagne**
    **Kim Hebert**

**PICKETT, Judge.**

Upon the lodging of the record in this appeal, this court, on its own motion, issued a rule for the Plaintiffs-Appellants, Winona Champagne and Kim Hebert, to show cause, by brief only, why the appeal should not be dismissed as having been taken from a partial judgment which has not been designated final and appealable pursuant to La.Code Civ.P. art. 1915(B). Plaintiffs have filed no response to this court's rule. For the reasons expressed herein, we dismiss the appeal.

Plaintiffs filed suit against the Defendants-Appellees, Winmill Specialties, Inc., and its insurer, National Indemnity Company, for damages allegedly caused by Mrs. Champagne's tripping and falling due to a bolt protruding from the pavement of a raised sidewalk or porch in front of Defendants' business. Defendants filed a motion for summary judgment claiming that the subject bolt did not present an unreasonable risk of harm. However, Plaintiffs filed a First Supplemental and Amended Petition raising the additional claims that Defendants owed Plaintiffs damages for spoliation of evidence and interference in a civil action in that the bolt had allegedly been removed following Mrs. Champagne's fall.

The trial court conducted a hearing on Defendants' motion for summary judgment, and on October 4, 2017, signed a written judgment which states in part, "IT IS HEREBY ORDERED, ADJUDGED AND DECREED, Defendants' Motion for Summary Judgment is granted as to Plaintiffs' claims under La. R.S. 9:2800.6." However, the court also wrote:

> The current posture of this case presents a dilemma. CHAMPAGNE asserts a claim for spoliation and interference in a civil action, seemingly in part as a defense to summary judgment, but not clearly without merit, since WINMILL denied the bolt ever existed. However, the spoliation and interference issues are not properly before the Court at this time.

Thus, the trial court's judgment concludes, "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, all costs of these proceedings are deferred to the merits of the spoliation and interference in a civil action claims."

Plaintiffs filed an appeal from this judgment. As noted above, this court issued the rule *sub judice* for the Plaintiffs to show cause why their appeal should not be dismissed for having been taken from a partial judgment which has not been designated final and appealable pursuant to La.Code Civ.P. art. 1915(B).

Louisiana Code of Civil Procedure Article 1915 reads:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.

2

In the instant case, the trial court has dismissed only one claim advanced by the Plaintiffs against the Defendants. Since other claims remain to be resolved between these same parties, the appealed judgment clearly falls within the provisions of La.Code Civ.P. art. 1915(B). Since the trial court has not entered a judgment declaring the partial judgment as final and appealable for express reasons, we hereby dismiss this appeal, without prejudice, as premature.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.